**John G. CONNOR, Plaintiff,**

v.

**NEW YORK STATE COMMISSION ON JUDICIAL CONDUCT; Gerald Stern, as Administrator of the New York State Commission on Judicial Conduct; and Henry T. Berger, as Chairperson of the New York State Commission on Judicial Conduct, Defendants.**

**No. 1:03–CV–472.**

United States District Court, N.D. New York.

May 9, 2003.

Tobin and Dempf, LLP, Albany, NY (Kevin A. Luibrand, of counsel), for plaintiff.

Hon. Eliot Spitzer, Attorney General for the State of New York, Syracuse, NY (Patrick F. Macrae, Ass't Attorney General, of Counsel), for defendants.

## ORDER and PRELIMINARY INJUNCTION

HURD, District Judge.

## I. INTRODUCTION

On April 23, 2003, an Order to Show Cause and Temporary Restraining Order issued ordering the defendants to show cause why a Preliminary Injunction should not be issued: (1) enjoining and restraining defendants from enforcing Sections 100.1, 100.2(A), 100.2(C), 100.3(B)(6), and 100.3(E)(1)(a)(i) of the New York State Code of Judicial Conduct [1] ("Code"); and (2) enjoining and restraining defendants from taking any action whatsoever with respect to the Formal Written Complaint dated March 4, 2002, brought against plaintiff John G. Connor ("Connor"), alleging violations of the Code. The Temporary Restraining Order enjoined and restrained defendants from enforcing those sections of the Code and from taking any action whatsoever with respect to the Complaint. The defendants filed opposing papers. The plaintiff filed reply papers.

Oral argument was heard on May 7, 2003, in Utica, New York. Decision was reserved. The Temporary Restraining Order was extended pending issuance of a written decision.

## II. BACKGROUND

Connor is, and has been since 1982, a Justice of the New York State Supreme Court. The defendant New York State Commission on Judicial Conduct ("Commission") served a Complaint against him alleging violations of the above sections of the Code.

Specifically, in Charge 1, the Commission contends that he violated sections 100.1, 100.2(A), 100.2(C), and 100.3(B)(6) when, in a matrimonial action, he allegedly considered improper ex parte information (from a court-appointed law guardian), rendered a decision before the parties submitted proposed findings of fact and conclusions of law, and rendered his decision the same day that plaintiff's attorney became employed as a law clerk to another justice of the New York State Supreme Court.

Charge 2 asserts violations of sections 100.1, 100.2(A), 100.3(B)(6), and 100.3(E)(1)(a)(i), in that he allegedly considered ex parte information (from both a court-appointed law guardian and an attorney), failed to promptly disqualify himself

---

[1] The Code of Judicial Conduct is set out in an Appendix to the Judiciary Law, McKinney's Book 29. It is also found in the court administrative rules, in McKinney's New York Rules of Court, and in Title 22 of the Official Compilation of Codes, Rules & Regulations of the State of New York. For ease of reference, the provisions are referenced by section number without further identification.

from a matter, and disqualified himself on "spurious grounds" in the same matter. The factual details of the conduct upon which the charges are based are irrelevant to the analysis and therefore are not set forth.

Sections 100.1 and 100.2(A) were previously found to be unconstitutionally vague. *See Spargo v. New York State Comm'n on Judicial Conduct,* 244 F.Supp.2d 72, 92 (N.D.N.Y.2003).

## II. STANDARDS

### A. Preliminary Injunction

■ A preliminary injunction should issue only where the party seeking such relief shows "that it is likely to suffer irreparable injury if relief is denied [and] also that there is either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the [movant's] favor." *Procter & Gamble Co. v. Chesebrough–Pond's Inc.,* 747 F.2d 114, 118 (2d Cir.1984); *Otokoyama Co. v. Wine of Japan Import, Inc.,* 175 F.3d 266, 270 (2d Cir.1999); *Eng v. Smith,* 849 F.2d 80, 81–82 (2d Cir.1988). Where "'a preliminary injunction seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the less rigorous fair-ground-for-litigation standard should not be applied.'" *Brown v. Giuliani,* 158 F.R.D. 251, 264 (E.D.N.Y.1994) (quoting *Sweeney v. Bane,* 996 F.2d 1384, 1388 (2d Cir.1993) (internal quotation omitted)).

■ Irreparable harm must be imminent, not remote or speculative. *Id.* at 264 (citing *Tucker Anthony Realty Corp. v. Schlesinger,* 888 F.2d 969, 975 (2d Cir. 1989)). Where monetary damages cannot compensate for the injury, the harm is irreparable. *Id.* (citing *Studebaker Corp. v. Gittlin,* 360 F.2d 692, 698 (2d Cir.1966)).

■ In order to establish a likelihood of success on the merits, movants must show that their chance of prevailing is greater than fifty percent. *Eng,* 849 F.2d at 82 (citing *Abdul Wali,* 754 F.2d 1015, 1025 (2d Cir.1985)). "'There may remain considerable room for doubt.'" *Id.* (quoting *Abdul Wali,* 754 F.2d at 1025).

Here, because plaintiff seeks to enjoin a state regulatory scheme, the fair-ground-for-litigation standard is inapplicable. *See Brown,* 158 F.R.D. at 264. Thus, he must establish irreparable harm and a likelihood of success on the merits.

### B. Vagueness

■ "[A]n enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). First, a rule must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited." *Id.,* 92 S.Ct. at 2298–99. Second, a rule must have specific standards so that those who enforce it cannot do so arbitrarily and discriminatorily. *Id.* at 108–09, 92 S.Ct. at 2299. Third, a rule that impedes basic First Amendment freedoms, if vague, leads those whose conduct is affected to more severely limit their conduct in order to avoid a violation. *Id.* at 109, 92 S.Ct. at 2299.

## III. DISCUSSION

### A. Sections 100.1 and 100.2(A)

As noted above, sections 100.1 and 100.2(A) were previously found to be unconstitutionally vague. *See Spargo,* 244 F.Supp.2d at 92. Accordingly, further analysis of these sections is unnecessary.

It is noted that on May 7, 2003, the United States Court of Appeals for the Second Circuit issued a temporary stay of the *Spargo* permanent injunction, pending hearing of the motion for a stay before a panel of that court to be held on May 20,

2003. The temporary stay does not affect this matter because any injunction issued would be a preliminary injunction that applies only to Connor.

### B. Section 100.2(C)

 The portion of the section at issue here prohibits a judge from conveying an impression, or permitting others to convey an impression, that they are in a special position to influence the judge. In its entirety, the section provides the following:

> Section 100.2 A judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities.
>
> . . . . .
>
> (C) A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; *nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge.* A judge shall not testify voluntarily as a character witness.

Section 100.2(C) (emphasis added). Plaintiff contends that the phrase "convey or permit others to convey the impression" is vague, principally relying upon *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). Plaintiff argues that the "convey the impression" language should be held to be vague as it purportedly was by the *Ashcroft* Court. He further contends that this provision does not put judges on notice of what conduct is prohibited. Defendants argue that *Ashcroft* is inapposite because it is a criminal case, whereas here a civil provision is at issue.

In *Ashcroft*, the Court considered whether the Child Pornography Prevention Act of 1996, 18 U.S.C. § 2251 et seq., violated the free speech protection of the First Amendment. *Id.* at 1396. The speech at issue was child pornography that did not involve pictures of actual children, but rather were photographs of young-looking adults or computer-generated images of children. *Id.* The first challenged section prohibited a picture or other image that " 'is, or appears to be, of a minor engaging in sexually explicit conduct.' " *Id.* · at 1397 (quoting 18 U.S.C. § 2256(8)(B)). The Court found that, because the statute prohibited images appearing "to depict a minor engaging in sexually explicit activity without regard to" whether "the work, taken as a whole, appeals to the prurient interest, is patently offensive in light of community standards, and lacks serious literary, artistic, political, or scientific value," *id.* at 1399, it is overbroad and unconstitutional, *id.* at 1405.

The second challenged section banned "depictions of sexually explicit conduct that are 'advertised, promoted, presented, described, or distributed in such a manner that *conveys the impression* that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct.' " *Id.* (quoting 18 U.S.C. § 2256(8)(D)) (emphasis added). The Court noted that while what content is covered by the statute is determined by how the speech is presented rather than on what it depicts, the prohibition applies to all who possess it, although the possessor may have had no responsibility for how it was marketed, sold, or described. *Id.* at 1405–06 (stating that "The provision prohibits a sexually explicit film containing no youthful actors, just because it is placed in a box suggesting a prohibited movie," and noting that possession would be criminal even by one who knew the movie was mislabeled). Therefore, because the statute made it unlawful in some instances to possess non-pornographic, as well as pornographic, materials, the Court found it to be overbroad. *Id.* at 1406.

Thus, while the statute at issue in *Ashcroft* contained language similar to that at issue here, the Court's analysis did not turn on that language. In fact, the Court

explicitly stated that due to its conclusions regarding the overbreadth of the provisions at issue, the further contention regarding vague statutory language need not be addressed. *See id.* Accordingly, *Ashcroft* does not support plaintiff's vagueness challenge.

Without the support of *Ashcroft*, plaintiff has not established a likelihood of success on a vagueness challenge of this section when it is read in the context of the entire phrase, "convey or permit others to convey the impression that they are in a special position to influence the judge." Every specific factual scenario that would violate the section need not, and in fact can not, be set forth in the Code. Rather, if a judge believes that his or her conduct did not convey the impression that someone was in a special position to influence the judge,

then that should be argued to the referee, the Commission, and the Court of Appeals, if necessary. That is, the merits of an individual misconduct charge is for the state administrative process, not for review or discussion on this constitutional challenge.[2]

## C. *Section 100.3(B)(6)*

■ This section prohibits ex parte communications concerning a pending or impending proceeding.[3] § 100.3(B)(6). Communications for scheduling or administrative purposes, and certain other delineated circumstances, are excepted from the general prohibition. *Id.*

Plaintiff's arguments center on the merits of the charges.[4] Again, arguing that a certain factual scenario does not violate the provision at issue goes to the merits.

2. Similarly, any dispute plaintiff has with the procedural process, for example with admission of evidence in the form of affidavits, must be raised in the administrative proceeding.

3. The section, in pertinent part, provides as follows:

 **Section 100.3** A judge shall perform the duties of judicial office impartially and diligently.

 (B) Adjudicative responsibilities.

 (6) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers concerning a pending or impending proceeding, except:

 (a) Ex parte communications that are made for scheduling or administrative purposes and that do not affect a substantial right of any party are authorized, provided the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and the judge, insofar as practical and appropriate, makes provision for prompt noti-

fication of other parties or their lawyers of the substance of the ex parte communication and allows an opportunity to respond.

 (b) A judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives notice to the parties of the person consulted and a copy of such advice if the advice is given in writing and the substance of the advice if it is given orally, and affords the parties reasonable opportunity to respond.

 (c) A judge may consult with court personnel whose function is to aid the judge in carrying out the judge's adjudicative responsibilities or with other judges.

 (d) A judge, with the consent of the parties, may confer separately with the parties and their lawyers on agreed-upon matters.

 (e) A judge may initiate or consider any ex parte communications when authorized by law to do so.

4. For example, he argues that it was not improper for him to accept ex parte reports from law guardians, given that the parties were forewarned and failed to object. He also argues that the alleged ex parte conversation with an attorney was earlier labeled as innocuous by the Commission and is now being relied upon as a basis for misconduct charges.

That plaintiff believes that the conduct for which he was charged should not be misconduct does not demonstrate that the provision at issue is vague.

Plaintiff attempts to show that the phrase "*concerning a pending or impending proceeding*" is vague. Again, however, the attempt fails because he uses his specific factual scenario to demonstrate what he sees as a vagueness of the language. He contends that a conversation about a party (in a case pending before him) with that party's attorney regarding a matter not related to the substance of the case pending before him was not a communication "concerning a pending or impending proceeding" and therefore he should not be charged with misconduct for it. In effect, his argument is that the language must be vague because the Commission applied it to him, although his conduct should not be considered misconduct. Stated in these terms, it becomes clear that plaintiff's remedy is in defense to the merits of the misconduct charges, not in a vagueness challenge.

Moreover, the terms "ex parte" and "pending or impending proceeding" are often-used and clearly understood by those in the legal profession. A claim that either of these terms is unconstitutionally vague has very little likelihood of success.

### C. *Section 100.3(E)(1)(a)(l)*

 The portion of this section that is challenged requires a judge to disqualify himself or herself when impartiality might reasonably be questioned, such as where the judge has a personal bias or prejudice concerning a party.[5] Plaintiff contends that this provision must be vague because it does not prohibit recusal for "spurious

reasons," the conduct for which he was charged. Plaintiff is correct that on its face the section requires disqualification in certain instances, and it does not address disqualification for "spurious reasons." However, that does not mean that the language of the provision is vague. To the contrary, it is clear that if a judge is biased or prejudiced against a party, he or she must disqualify himself or herself. Further, "bias" and "prejudice" require no statutory definition to put judges on notice of what is required of them. A vagueness challenge on the basis that "bias or prejudice" is undefined has little likelihood of success on the merits.

In sum, plaintiff's contention regarding vagueness is simply a defense to the merits: the conduct for which he was charged does not fall within the provision. Again, the merits of the charges must be addressed in the state administrative process and not here.

### IV. CONCLUSION

Sections 100.1 and 100.2(A) are unconstitutionally vague and a preliminary injunction as to those sections is warranted. Plaintiff has not established a likelihood of success on the merits as to the remaining challenged provisions. Therefore, a preliminary injunction regarding sections 100.2(C), 100.3(B)(6) and 100.3(E)(1)(a)(i) is not warranted.

The Commission is not "hamstrung." *See* John Caher, *Judicial Conduct Commission Fires Back After "Spargo"*, N.Y. L.J., April 1, 2003, at A1 ("Stern . . . said . . . that [the *Spargo* ] ruling . . . has hamstrung the work of" the Commission). Clearly it may proceed when, as here, it brings specific misconduct charges relating

---

**5.** This section provides the following:

(E) Disqualification.

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be ques-

tioned, including but not limited to instances where:

(a) (i) the judge has a personal bias or prejudice concerning a party; . . . .

§ 100.3(E)(1)(a)(i).

to specific Code sections. Connor has reasonable notice and the opportunity to defend himself. The Commission just cannot rely upon the vague catch-all provisions of the Code or provisions that abridge core First Amendment free speech rights to bring disciplinary charges against a judge.

Accordingly, it is

ORDERED that

1. Defendants are PRELIMINARILY ENJOINED from enforcing sections 100.1 and 100.2(A) of the Code of Judicial Conduct appended to the New York Judiciary Law as set forth in the Rules of the Chief Administrator of the Courts and Title 22 of the Official Compilation of Codes, Rules & Regulations of the State of New York (N.Y.CRR) and from pursuing any action pertaining to sections 100.1 and 100.2(A) with regard to the Formal Written Complaint dated March 4, 2002, brought against plaintiff John G. Connor; and

2. Plaintiff's request for a preliminary injunction relating to sections 100.2(C), 100.3(B)(6) and 100.3(E)(1)(a)(i) of the Code is DENIED.

IT IS SO ORDERED.